UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CAROLYN JOHNSON, ET AL.            CIVIL ACTION NO. 06-2314

versus           JUDGE STAGG

CENTERPOINT ENERGY, ET AL.           MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

      Carolyn R. Johnson ("Plaintiff") has filed, without the assistance of counsel, ten civil actions between December 4, 2006 and February 10, 2007. They are <u>Johnson v. Police Department of Haynesville, et al.</u>, 06 CV 2295 (alleging unlawful eviction and seeking $2,000,000 in damages and the dismissal of certain elected officials); <u>Johnson v. Haynesville Housing Authority, et al.</u>, 06 CV 2300 (alleging unlawful eviction and seeking FBI and CIA investigations); <u>Johnson v. CenterPoint Energy, et al.</u>, 06 CV 2314 (complaining of disconnection of utility services and seeking $1,500,000 in damages and personal restraining orders); <u>Johnson v. Haynesville Housing Authority, et al.</u>, 06 CV 2315 (alleging illegal eviction and praying for an FBI investigation and dismissal of public officials); <u>Johnson v. School Board of Claiborne Parish, et al.</u>, 07 CV 21 (seeking $1,000,000 in damages because defendants allegedly failed to acknowledge an application for employment); <u>Johnson v. Public Service Commission, et al.</u>, 07 CV 22 (asking for $1,000,000 and that PSC members be sanctioned for not handling a utility problem to Plaintiff's satisfaction); <u>Johnson v.</u>

Entergy, et al., 07 CV 70 (seeking $2,500,000 in damages based on alleged disconnect of electricity); Johnson v. Minden Medical Center et al, 07 CV 209 (seeking $3,000,000 in damages for alleged medical malpractice and wrongful death); Johnson v. Kenynan Corp et al., 07 CV 220 (seeking $2,000,000 in damages and injunctive relief arising from a ban from Piggly Wiggly); and Johnson v. Graves et al, 07 CV 221 (seeking damages from a bank for not promptly funding her son's $2,000).

Plaintiff has purported to represent her son in some of the cases, but because she is not an attorney admitted to this court she may only represent herself. Attempting to represent others is the unauthorized practice of law. Plaintiff has also signed many of her submissions as "Johnson and Associates," perhaps attempting to suggest that she is operating a lawfirm.[1]

**This Civil Action**

The principal defendants in this case are CenterPoint Energy Resources Corp. (a natural gas utility provider), CenterPoint employees Paul Oliver and Terry Mann, CenterPoint attorney Mickey Moon, and Haynesville Assistant Chief of Police Jason Branch. Plaintiff alleges that Oliver and Mann made a false offense report that was approved by attorney Moon and submitted to the Haynesville Police Department. Attorney Moon, on behalf of CenterPoint, issued a notice to Plaintiff that her gas service would be terminated

---

[1] Judge Hicks has imposed a sanction in one of Plaintiff's cases, Johnson v. Larry Graves, et al, 07 CV 221, that Plaintiff not be allowed to file any more civil actions without prior, written approval from a district judge.

effective five days after receipt of the notice "due to the threats of deadly force made by you to CenterPoint Energy and its employees."

Attached to Mr. Moon's letter is an offense report from the Haynesville police department, prepared by defendant Branch, that describes events that happened about two weeks before the termination notice issued. The report states that, because of Plaintiff and her son making "terroristic threats" towards CenterPoint and its employees, the police were required to escort utility employees to the residence for service calls. An officer met defendant Oliver to cut off the gas to Plaintiff's house. When the men arrived at Plaintiff's house, Plaintiff refused to answer the door. Plaintiff later opened the door and started cursing the policeman and threatening to kill Mr. Oliver, the CenterPoint employee. Plaintiff and her son also made threats, from inside the house, to kill Mr. Oliver, but they would not step outside. The police report and the accompanying notice of termination were filed into the record by Plaintiff. Doc. 25, pp. 5-8.

The notice of termination states that gas service would be terminated five days after Plaintiff's receipt of the notice. Plaintiff complains that her service was terminated on the date she received the letter, without allowance for the five-day period promised in the notice. Plaintiff also complains that the certified mail was delivered by the Haynesville police rather than the postal service. Another document submitted by Plaintiff reflects that the postal service attempted to deliver the August 1, 2006 letter but left a notice on August 4, 2006 of

the unsuccessful attempt and advising that the letter could be redelivered or picked up at the post office.

**Motion to Dismiss**

Defendants CenterPoint, Oliver and Moon have filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 12). Plaintiff, as the party seeking to invoke the jurisdiction of the federal court, has the burden of establishing that jurisdiction exists. Aetna v. Hillman, 796 F.2d 770 (5th Cir. 1986).

Plaintiff has not pleaded any facts to suggest that there is diversity of citizenship between her and all defendants, which would be necessary for the court to exercise jurisdiction under 28 U.S.C. § 1332. It is reasonable to assume that the Haynesville assistant chief of police is, like Plaintiff, a citizen of Louisiana. Plaintiff has not satisfied her burden of establishing a basis for the exercise of diversity jurisdiction under Section 1332.

The only other potential basis for the exercise of jurisdiction is 28 U.S.C. § 1331, which applies only when one or more of Plaintiff's claims arise under federal law. Plaintiff's claims resemble tort claims for, perhaps, defamation or breach of contract, but she has not alleged a colorable claim under any federal statute or provision of the federal constitution. Plaintiff does make an allegation that the assistant chief of police "plotted the complete issue with lies" and violated Plaintiff's "Civil Rights Disability Act and other Articles of 1965 Act." Plaintiff supports that contention by alleging that the assistant chief said that he was tired of her and would do something to get the town rid of her. Plaintiff has apparently

attempted to invoke federal law with respect to this claim, but mere reference to federal law does not give rise to subject matter jurisdiction if the claim has no plausible foundation. Williamson v. Tucker, 645 F.2d 404, 415-16 (5th Cir. 1981) (en banc). There does not appear to be any plausible foundation for a federal claim in Plaintiff's complaint, despite Plaintiff's attempted references to federal law, so Plaintiff has not met her burden of establishing subject matter jurisdiction under Section 1331. There is no other apparent basis for the court to exercise jurisdiction over the complaint.

Accordingly;

**IT IS RECOMMENDED** that the **Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 12)** be **granted** and that this civil action be **dismissed** for lack of subject matter jurisdiction.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this the 19th day of March, 2007.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE